h GASKINS, J.,
dissents.
I respectfully dissent. The majority refuses to hear this appeal, contending that the appellants did not timely obtain an order of appeal, as mandated under La. R.S. 18:1409. I disagree. From the inception of this lawsuit, the times set out under the election law were disregarded.[1] The hearing at the trial court should have been held on the fourth day after the filing of the case sub judies. Instead, it was held 15 days later. La. R.S. 18:1406. After the trial judge rendered judgment, the clerk of court was charged with immediately notifying all parties or their counsel by telephone or FAX. La. R.S. 18:1409. Instead, a certified judgment was mailed to counsel. This appeal was taken within 24 hours of the certified notice.
Appeals are favored under the law. When the court, or its officers, do not follow the law regarding notice of judgment, it is unfair to penalize the litigants by requiring their strict compliance with the time limitations. Once given notice, the appellants tendered the order of appeal timely. I would allow this appeal to be heard.
The trial judge found that the chairman and vice-chairman on the recall petition were not qualified voters. Under the provisions of La. R.S. 18:1300.5(A), the chairman and vice-chairman on a recall petition each shall be a qualified voter in the voting area from which the public official whose recall is being sought is elected. When the recall petition was instigated, Mr. Crew, the chairman, lived outside the city limits, but when the petition was submitted to the Registrar of Voters, he had moved across | gthe street and within the city limits. Mr. Crew testified that he believed this contested address to be within the city limits and had voted in mayoral and city council elections. Likewise, the registrar had issued a voter identification card that showed Mr. Crew to be a city resident.
An argument could be made that because of the misconception of Mr. Crew and the registrar regarding his residence within the city limits, he was qualified to be the recall petition’s chairman. However, even taking the trial court’s position that Mr. Crew is not eligible for this chairmanship, the petition is not defeated. La. R.S. 18:1300.5 provides that the vice-chairman is entitled to act on the death, disability, absence, or resignation of the chairman. The vice-chairman, Maxine Wilson, was not disqualified. The statute provides *1031 for a situation such as we have here, where a vice-chairman has to step in for a chairman who is unable to complete his duties. The disqualification of Mr. Crew, consequently, would not defeat the recall petition.
Numerous public records requests were issued by Mayor Dean to Mr. Crew and Ms. Wilson to obtain the names on the petition. Several names were provided initially to the mayor but, as more were collected, they were not disclosed' until right before the entire list was submitted. The trial court found that the failure to respond to the public records request was an illegality that affected the validity of the recall. See La. R.S, 18:300.7.
The law clearly provides that the chairman and vice-chairman are subject to all the provisions of La. R.S. 44:31, et seq., the Public Records Act. La. R.S. 18:1300.5. This act provides remedies for failure to respond 13to public records requests, such as mandamus, penalties, and attorney fees. Testimony in this hearing indicated the mayor knew that names were being collected and that the appellants did not intend to give him updated lists until they received them back from the workers. While there could be an instance where a failure to comply with the Public Records Act might constitute fraud or illegality, the circumstances of this case do not.
I would, therefore, reverse the trial court’s injunction.

. There could be some argument that this case was not brought under the Election Code but for purposes of this response I will assume the Election Code applies.